```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

BRENDA JOHNSON,

    Plaintiff,

v.                                              No. 17-2144-JTF-dkv

SHELBY COUNTY SCHOOL,

    Defendant.

        REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On March 2, 2017, the plaintiff, Brenda Johnson ("Johnson"), a resident of Shelby County, Tennessee, filed a *pro se* complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, as amended by the ADA Amendments Act, against the defendant, Shelby County School ("SCS"), alleging discrimination on the basis of religion and disability. (Compl., ECF No. 1.) The complaint was accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF No. 2.) On March 3, 2017, the court issued an order granting Johnson leave to proceed *in forma pauperis*. (ECF No. 7.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that

follow, it is recommended that Johnson's claims be dismissed *sua sponte* for failure to state a claim.

I. PROPOSED FINDINGS OF FACT

In the complaint, Johnson alleges SCS terminated her employment on November 13, 2013, because of religious reasons and her disability. (Compl. ¶ 6, ECF No. 1.) According to the complaint, Johnson was hired by SCS in 1991 as a teacher's aide, and when her employment was terminated, she had over 23 years of service with SCS. (*Id.* ¶ 10.) At the time of her termination, she was employed at Westhaven Elementary. (*Id.* ¶ 5.) Prior to her discharge, SCS Labor Relations employee Shelia Gray ("Gray") conducted an investigation into allegations of child abuse committed by another teacher and Johnson was interviewed as part of the investigation. (*Id.* ¶ 10.)

Johnson alleges that Gray informed her that Gray's "religious instincts and beliefs led her [Gray] to conclude that [Johnson] was dishonest during the . . . investigation." (*Id.* ¶ 10.f.) Johnson further alleges that "Gray informed [her] that she was terminated based upon [Grey's] religious beliefs." (*Id.* ¶ 10.e; EEOC Charge 2, ECF No. 1-1.)

In addition, Johnson claims that her "perceived disability played a significant role in her termination." (Compl. ¶ 10.l, ECF No. 1.) Johnson alleges that she suffers from osteoarthritis, that her condition is severe, that she made SCS

2

aware of her condition in 2012, and that her condition causes her to miss work often. (*Id.* ¶¶ 10.n through 10.s.) According to the allegations in the complaint, during Gray's interview of Johnson as part of the investigation of Johnson's coworker, Johnson's principal informed Gray over the speaker phone that Johnson had poor attendance. (*Id.* ¶¶ 10.t, 10.u.)

The complaint states that Johnson filed a charge of discrimination against SCS with the Equal Employment Opportunity Commission ("EEOC") on June 18, 2014. (Compl. ¶ 12, ECF No. 1.) In the EEOC charge, Johnson stated, "I believe I have been discriminated against because of my religion (Baptist) and perceived disability . . . ." (EEOC Docs. 2, ECF No. 1-1.) The EEOC issued a notice of right to sue which Johnson received on December 3, 2016. (Compl. ¶ 14, ECF No. 1.) Attached to the complaint is a copy of the EEOC's notice of right to sue.[1] (EEOC Docs. 1, ECF No. 1-1.)

## II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

---

[1] In its dismissal and notice of right to sue, the EEOC issued the following determination:

> Based upon its investigation, the EEOC is unable to conclude that the information obtained established violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

(EEOC Docs. 1, ECF No. 1-1.)

3

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summons to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

   (i)    is frivolous or malicious;

   (ii)   fails to state a claim on which relief may be granted; or

   (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B.  Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement

to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Ordinarily, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).  The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that employment discrimination plaintiffs are not required to plead specific facts establishing the elements of a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  In so holding, the Supreme Court emphasized that "[t]he *prima facie* case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement, 'and the McDonnell Douglas

5

framework is inapplicable where a plaintiff has direct evidence of discrimination." *Swierkiewicz*, 534 U.S. at 501, 511. All that is required is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Id*. at 513.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes

into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.  Title VII Religious Discrimination Claim

Title VII prohibits an employer from failing to hire, discharging, or otherwise discriminating against an employee with respect to various aspects of his employment such as compensation, terms, conditions, or privileges of employment because of the employee's religion. 42 U.S.C. § 2000e-2(a). Additionally, Title VII forbids employers to limit, segregate, or classify employees "in any way which would deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's . . . religion." *Id.* Religion is defined to include "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e-2(j).

To establish a *prima facie* claim for religious discrimination under Title VII, the Sixth Circuit requires a plaintiff to show that "(1) he holds a sincere religious belief that conflicts with an employment requirement; (2) he has informed the employer about the conflicts; and (3) he was discharged or disciplined for failing to comply with the conflicting employment requirement." *Tepper v. Potter*, 505 F.3d

7

508, 514 (6th Cir. 2007)(citing *Smith v. Pyro Mining Co.*, 827 F.2d 1081, 1084 (6th Cir. 1987)).

Johnson alleges in her complaint that SCS terminated her because of the spiritual and religious beliefs of SCS's Labor Relations employee Sheila Gray. Johnson does not claim that she was terminated because of any religious belief on her part or even that SCS was aware of her religion. Thus, Johnson's complaint fails to allege the essential elements of a religious discrimination claim under Title VII. Accordingly, it is recommended that Johnson's religious discrimination claim be dismissed *sua sponte* for failure to state a claim.

D.  ADA Claims

Johnson alleges in her complaint that her "perceived disability" played a significant role in her termination although she also states that she suffered from an actual disability of osteoarthritis. In the particulars section of her EEOC charge of discrimination, she specifically alleged she was discriminated against because of her "perceived disability." (EEOC Docs. 2, ECF No. 1-1.) Under the discriminatory conduct section, she has checked the box for "Failure to accommodate my disability." (Compl. ¶ 6, ECF No. 1.) Although not clear from the complaint, the court assumes that Johnson purports to set forth both a disability discrimination claim and a failure-to-accommodate claim.

8

As to the disability discrimination claim, the ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  "Disability" means: "(A) a physical or mental impairment that substantially limits one or more major life activities; (B) a record of such impairment; or (C) being regarded as having such an impairment." *Id.* § 12102(1)(A)-(C).  In 2008, the ADA was amended by the Americans with Disabilities Act Amendments ("ADAA").  The ADAA expanded the third "regarded as" definition for disability. Before the amendments, a plaintiff had to show that she was "regarded as" having an impairment that substantially limited a major life activity.  Under the amended definition:

> An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that she has been subjected to an action prohibited [by the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

*Id.* § 12102(3)(A).  "The definition of disability . . . shall be construed in favor of broad coverage . . . ."  *Id.* § 12102(4)(A).

A plaintiff can establish a disability discrimination claim through direct evidence or through circumstantial evidence under

9

the *McDonnell Douglas* framework. *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1047 (6th Cir. 1998). "Direct evidence is evidence that proves the existence of a fact without requiring any inferences." *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 548 (6th Cir. 2004)(citations omitted). "[W]hen an employer admits (or the evidence establishes) that its decision was based upon the employee's disability, direct evidence of discrimination exists." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1180 (6th Cir. 1996), abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012).

If a plaintiff seeks to establish a disability discrimination claim through circumstantial evidence, she must plead: (1) that she is disabled; (2) that she is otherwise qualified for the position, with or without reasonable accommodation; (3) that she suffered an adverse employment action; (4) that the employer knew or had reason to know of her disability; and (5) that either she was replaced by a nondisabled person or her position remained open while the employer sought other applicants. *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 703 (6th Cir. 2008)(internal citation and quotation marks omitted)(citing *Macy v. Hopkins Cnty. Sch. Bd. of Educ.*, 484 F.3d 357, 365 (6th Cir. 2007)); *Jones v. Potter*, 488 F.3d 397, 404 (6th Cir. 2007)(setting forth the same *prima*

10

*facie* elements under the Rehabilitation Act); *Monette*, 90 F.3d at 1186.

Here, Johnson has not pled direct evidence of disability discrimination. To the extent Johnson seeks to establish a disability discrimination claim through circumstantial evidence, she has not sufficiently pled the *prima facie* elements of her claim. Even assuming that Johnson has a real or perceived disability, Johnson has not alleged the last prong of the *prima facie* test, i.e., that she was replaced by a nondisabled person or that her position remained open while the employer sought other applicants. Furthermore, as to the second prong, Johnson has not alleged that she was qualified for the position with or without reasonable accommodations. The only factual allegation related to her disability is that her principal told SCS's Labor Relations employee Gray that Johnson had "poor attendance," which is not sufficient to support a disability discrimination claim. Therefore, Johnson has not pled sufficient facts to plead the *prima facie* elements of her ADA disability discrimination claim and the court recommends dismissal of such claim.

As to the failure-to-accommodate claim, regulations issued by the EEOC, which is the agency charged by Congress to interpret and enforce the ADA, provide that it is "unlawful for a covered entity not to make reasonable accommodation to the

11

known physical or mental limitations of an otherwise qualified applicant or employee with a disability, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of its business." 29 C.F.R. § 1630.9(a). In the Sixth Circuit, in order to establish a *prima facie* case for failure to provide a reasonable accommodation, a plaintiff must show that: (1) she was disabled; (2) she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (3) her employer knew or had reason to know about her disability; (4) she requested an accommodation; and (5) the employer failed to provide the necessary accommodation. *DiCarlo v. Potter,* 358 F.3d 408, 419 (6th Cir. 2004), *overruled on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009)(citing *Gaines v. Runyon*, 107 F.3d 1171, 1175-76 (6th Cir. 1997)); *see also Myers v. Cuyahoga Cnty., Ohio*, 182 F. App'x 510, 515 (6th Cir. 2006); *Pearson v. Cuyahoga Cnty.*, 596 F. App'x 358, 366 (6th Cir. 2014). To be "otherwise qualified" for the job, the employee bears the burden of showing she can perform the "essential functions" of the job, with or without accommodation. 42 U.S.C. § 12111(8). The employee also bears the burden of proposing reasonable accommodations. *Tubbs v. Formica Corp.*, 107 F. App'x 485, 488 (6th Cir. 2004).

The factual allegations in the complaint are insufficient for the court to infer the essential elements of a failure-to-accommodate claim. Even assuming that Johnson's osteoarthritis qualifies as a disability, the complaint fails to identify the essential functions of the job, whether Johnson could perform the essential functions with or without accommodations, whether Johnson requested a reasonable accommodation from SCS, and whether SCS failed to provide the necessary accommodation. Accordingly, it is recommended that Johnson's failure-to-accommodate claim also be dismissed *sua sponte* for failure to state a claim.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Johnson's complaint be dismissed in its entirety for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted this 9th day of March, 2017.

<pre>
                              s/Diane K. Vescovo
                              DIANE K. VESCOVO
                              UNITED STATES MAGISTRATE JUDGE
</pre>

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14)

days may constitute a waiver of objections, exceptions, and further appeal.

14